IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**THOMAS REID DECARLO,**
**#18885-076,**

      Petitioner,

                                          Case No. 17–cv–557–DRH

vs.

**B. TRUE,**

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Thomas DeCarlo, who is currently incarcerated in the Federal Correctional Institution in Marion, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In the Petition, he argues that his federal conviction under 18 U.S.C. § 2241(c) should be vacated because 18 U.S.C. § 2241(c) was enacted in violation of Article I of the Constitution and thus is invalid. (Doc. 1).

## Background

Petitioner was convicted in 2004 of interstate travel to engage in sexual contact with a child under the age of twelve in the Western District of Tennessee, No. 2:03-cr-20093. (Doc. 1, p. 3). He is serving a sentence of 293 months of imprisonment in the custody of the Federal Bureau of Prisons. *Id.* Petitioner appealed his conviction to the Sixth Circuit Court of Appeals, but his sentence and conviction under 18 U.S.C. § 2241(c) were not overturned. *Id.* Plaintiff has

1

repeatedly attempted to challenge his conviction ever since. He has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Tennessee, where he was sentenced. *See United States v. DeCarlo*, No. 06-2398-B/V, 2007 WL 1345320 (W.D. Tenn. May 7, 2007) (order denying DeCarlo's motion for Section 2255 relief). This action was unsuccessful. *Id.*

In 2010, Petitioner filed an action under 28 U.S.C. § 2241 in this Court, arguing, among other things, that Title 18 of the United States Code was enacted in violation of Article I of the Constitution and thus is invalid. *See DeCarlo v. Hollingsworth*, No. 10-cv-0481-GPM (S.D. Ill. Dec. 10, 2010). The Court dismissed the action with prejudice because the legal theories presented did not rely upon changes in the law that postdated his earlier motion under 28 U.S.C. § 2255. *Id.* at (Doc. 5). In 2012, Petitioner attempted to take another bite at the apple and filed another action under § 2241 in this Court. *See DeCarlo v. Walton*, No. 12-cv-639-DRH (S.D. Ill. Sept. 12, 2013). His action was dismissed again, because his first was dismissed with prejudice, and because the grounds advanced in his petition, some of the same grounds advanced in the instant Petition, did not rely on a change in the law that occurred after his § 2255 motion was denied. *Id.* at (Doc. 7). Petitioner appealed the Court's dismissal of his 2012 action, and the Seventh Circuit Court of Appeals affirmed the dismissal, noting that the petition should have been dismissed for lack of jurisdiction because "the motion was a successive collateral attack on his conviction, filed without [the

Seventh Circuit's] permission." *Id.* at (Doc. 20-2).

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases. After carefully reviewing DeCarlo's Petition, the Court concludes that DeCarlo is not entitled to relief and that his Petition must be dismissed.

## Discussion

Petitioner's action must fail because Petitioner has previously had actions under § 2241, bringing forth the same legal theories, dismissed with prejudice. Petitioner has also not been granted leave by the Seventh Circuit to file a successive collateral attack, which the Seventh Circuit noted would be required in *DeCarlo v. Walton*, No. 13-1875 (7th Cir. Sept. 12, 2013) under very similar circumstances. This alone is enough to preclude Petitioner's claims.

Even absent the filing and dismissal of the first and second § 2241 petitions, the present Petition could not survive. Normally, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United*

*States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases under the "savings clause" of § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id*. *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive; and 3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

The grounds advanced by Petitioner do not rely on a change in the law that occurred after his § 2255 motion was denied. Rather, they are arguments that he could have, but did not, raise in his § 2255 motion, a point that was raised in both of the orders dismissing his previous § 2241 petitions in this Court and by the Sixth Circuit Court of Appeals, in Case No. 16-5545, in its October 27, 2016

order denying Petitioner's motion for authorization to file a second or successive motion to vacate. (Doc. 1, pp. 11-12). For this reason, the Petition would fail on the merits had this Court jurisdiction to consider it.

Thomas Reid DeCarlo's Petition for habeas relief pursuant to §2241 is hereby **DISMISSED** for lack of subject matter jurisdiction.

All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**
**DATED: August 24, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.08.24 11:24:34 -05'00'

**United States District Judge**